FILED
U.S. DISTRICT COURT
DISTRICT ... ...SAS

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS '08 NOV -7 P1 :25

CLERK, U.S. DISTRICT COURT
A. hnd. Bore.....

DISABLED PATRIOTS OF AMERICA, INC., :
a Florida Not-For-Profit Corporation, and :
GUADALUPE BETANCOURT, Individually, :

       Plaintiffs, :

v. :

I.P.S. TWIN LAKES INVESTORS, LLC, a :
Colorado Limited Liability Company, :

       Defendant. :
_____/

Case No. 8 — CV — 01350 — MLB-
DWB

### COMPLAINT
(Injunctive Relief Demanded)

Plaintiffs, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not-For-Profit

Corporation, and GUADALUPE BETANCOURT, Individually, on their behalf and on behalf of

all other individuals similarly situated (sometimes referred to as "Plaintiff" or "Plaintiffs"),

hereby sue the Defendant, I.P.S. TWIN LAKES INVESTORS, LLC, a Colorado Limited

Liability Company, registered in Kansas (sometimes referred to as "Defendant"), for Injunctive

Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, Guadalupe Betancourt, is an individual residing in Arkansas City, KS, in the

      County of Cowley.

2.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a not-for-profit corporation

      formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA,

      INC. maintains its principal office at 702 North E Street, Lake Worth, FL 33460, in the

County of Palm Beach.

3.    Defendant's property, Twin Lakes Shopping Center, is located at 1821 W. 21 St. N.,
      Wichita KS 67203, in the County of Sedgwick.

4.    Venue is properly located in the District of Kansas because venue lies in the judicial
      district of the situs of the property at issue. The Defendant's property is located in and
      Defendant does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original
      jurisdiction over actions which arise from the Defendant's violations of Title III of the
      Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201
      and § 2202.

6.    Plaintiff Guadalupe Betancourt is a Kansas resident, is sui juris, and qualifies as an
      individual with disabilities as defined by the ADA. Guadalupe Betancourt has visited the
      property which forms the basis of this lawsuit and plans to return to the property to avail
      her of the goods and services offered to the public at the property. The Plaintiff has
      encountered architectural barriers at the subject property. The barriers to access at the
      property have endangered her safety. The Plaintiff is also a member of the Plaintiff
      organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in
      paragraph 7.

7.    Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a not-for-profit Florida
      corporation. Members of this organization include individuals with disabilities as defined
      by the ADA, and are representative of a cross-section of the disabilities to be protected
      from discrimination by the ADA. The purpose of this organization is to represent the

2

interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.   DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Twin Lakes Shopping Center, and is located at 1821 W. 21 St. N., Wichita KS 67203.

9.    Disabled Patriots of America, Inc. and Guadalupe Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Guadalupe Betancourt desires to visit Twin Lakes Shopping Center not only to avail her of the goods and services available at the property but to assure her

3

that this property is in compliance with the ADA so that she and others similarly situated
will have full and equal enjoyment of the property without fear of discrimination.

10.    The Defendant has discriminated against the individual Plaintiff and members of the
corporate Plaintiff organization by denying them access to, and full and equal enjoyment
of, the goods, services, facilities, privileges, advantages and/or accommodations of the
buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff
in violation of the ADA by failing to have accessible facilities by January 26, 1992 (or
January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000
or less).   A preliminary inspection of Twin Lakes Shopping Center has shown that
violations exist.  These violations include, but are not limited to:

**Parking**

A.    The accessible parking spaces are not located closest to the accessible entrances,
improperly dispersed and marked as per US Code 23, Section 109 D (striped in
white and prominently outlined in blue), and in violation of Section 4.6.2 of the
ADAAG whose resolution is readily achievable.

B.    Where posted, signage at some of the designated accessible parking spaces are not
mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose
resolution is readily achievable.

C.    Some of the disabled use spaces do not have clear and level access aisles
provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is
readily achievable.

**Entrance Access and Path of Travel**

A.    There are no accessible routes from the street, sidewalk and parking areas.  There
are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the
ADAAG whose resolution is readily achievable.

B.    There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the

4

ADAAG whose resolution is readily achievable.

C.   There are ramps at the facility that do not have level landings and/or contain excessive slopes or cross slopes in violation of Section 4.8.2, 4.8.4 and 4.8.6 of the ADAAG whose resolution is readily achievable.

D.   There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

E.   There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.3 of the ADAAG whose resolution is readily achievable.

**Access to Goods and Services**

A.   There are counters throughout the facility in excess of 36 inches, in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

B.   There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

**Restrooms**

A.   The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

B.   The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

C.   The restroom does not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

12.   The discriminatory violations described in paragraph 11 are not an exclusive list of the

Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access. The individual Plaintiff, the members

of the Plaintiff group, and all other individuals similarly situated, have been denied access

5

to, and have been denied the benefits of services, programs and activities of the

Defendant's buildings and its facilities, and have otherwise been discriminated against

and damaged by the Defendant because of the Defendant's ADA violations, as set forth

above.   The individual Plaintiff, the members of the Plaintiff group and all others

similarly situated will continue to suffer such discrimination, injury and damage without

the immediate relief provided by the ADA as requested herein.  In order to remedy this

discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of

public accommodation in order to determine all of the areas of non-compliance with the

Americans with Disabilities Act.

13.     Defendant has discriminated against the individual and corporate Plaintiffs by denying

them access to full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of its place of public accommodation or commercial

facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore,

the Defendant continues to discriminate against the Plaintiffs, and all those similarly

situated by failing to make reasonable modifications in policies, practices or procedures,

when such modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities; and by failing

to take such efforts that may be necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services.

14.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's

6

fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Twin Lakes Shopping Center to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

7

**WHEREFORE,** Plaintiffs respectfully request:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Wichita, Kansas as the location for the trial.

Respectfully Submitted,

Date: _____ 11/7/08 _____

Robert J. Vincze (KS #14101)
LAW OFFICES OF ROBERT J. VINCZE
P.O. Box 792
Andover, KS 67002
(303) 204-8207
(316) 733-5787 - Facsimile
vinczelaw@att.net

Complaint.wpd

9